**WHITE AND WILLIAMS LLP**
One Penn Plaza
18th Floor - Suite 1801
New York, New York 10119
(212) 631-4406
*Attorneys for Defendants, UnumProvident*
*Corporation and Provident Life and*
*Casualty Insurance Company*
**Andrew I. Hamelsky (AH-6643)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL SEAMON,<br><br>    Plaintiff,<br><br>v.<br><br>UNUM PROVIDENT CORPORATION<br>and PROVIDENT LIFE AND<br>CASUALTY INSURANCE COMPANY,<br><br>    Defendants. | Civil Action No.: 07-cv-02800<br>(SAS)(KNF)<br><br>**ANSWER AND AFFIRMATIVE**<br>**DEFENSES** |

  Defendants, UnumProvident Corporation k/n/a Unum Group ("Unum") and Provident Life and Casualty Insurance Company ("Provident Life") (hereinafter "defendants"), by and through their attorneys, White and Williams LLP, hereby provides the following Answer to plaintiff's Complaint filed in the within action:

  1.  Defendants deny the allegations contained in paragraph 1 of the Complaint.

  2.  Defendants deny the allegations contained in paragraph 2 of the Complaint.

  3.  Defendants deny the allegations contained in paragraph 3 of the Complaint.

  4.  Defendants deny the allegations contained in paragraph 4 of the Complaint.

  5.  Defendants deny the allegations contained in paragraph 5 of the Complaint.

6. Defendants admit that on August 17, 2002, plaintiff executed a Provident Life application for insurance. Defendants deny the remaining allegations contained in paragraph 6 and leave plaintiff to his proofs thereon.

7. Defendants admit that on August 17, 2002, plaintiff executed a Provident Life application for insurance. Defendants deny the remaining allegations contained in paragraph 7 and leave plaintiff to his proofs thereon.

8. Defendants admit that the application executed on August 17, 2002 states, "No Broker Signature Required", but refers plaintiff to the application as the written document speaks for itself and not otherwise. To the extent that the allegations contained in paragraph 8 of the Complaint represent a partial characterization of the terms and conditions of such application, defendants deny such allegations and leave plaintiff to his proofs thereon.

9. Defendants admit that plaintiff executed the application on August 17, 2002 and deny the remaining allegations contained in paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. Defendants deny that policy # 36-600-7887392 was ever in effect, and leave plaintiff to his proofs thereon.

12. Defendants admit that the policy is a written document which speaks for itself and not otherwise. To the extent that the allegations contained in paragraph 12 of the Complaint represents a partial characterization of the terms and conditions of said policy, defendants deny such allegations leaving plaintiff to his proofs thereon.

13. Defendants admit that the application is a written document which speaks for itself and not otherwise. To the extent that the allegations contained in paragraph 13 of the

Complaint represents a partial characterization of the terms and conditions of said application, defendants deny such allegations leaving plaintiff to his proofs thereon.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint to the extent that said premium was to be paid upon issuance of the policy. Since the premium was never paid, further premium notices were not required or sent.

15. Defendants admit that plaintiff filed a claim for total disability benefits under policy LND338735, which claim has been accepted and paid, and leave plaintiff to his proofs on the remaining allegations contained in paragraph 15 of the Complaint.

16. Defendants admit that plaintiff filed a claim for total disability benefits under policy LND338735, which claim has been accepted and paid, and leave plaintiff to his proofs on the remaining allegations contained in paragraph 16 of the Complaint.

17. Defendants admit that policy 36-600-7887392 is a written document that speaks for itself and not otherwise. To the extent that the allegations contained in paragraph 17 of the Complaint represent a partial characterization of the terms and conditions of said policy, defendants deny such allegations, leaving plaintiff to his proofs thereon.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

**WHEREFORE,** defendants demand Judgment in their favor and against plaintiff dismissing the Complaint and awarding the defendants costs, fees, expenses, attorney's fees, and such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for relief is barred by the Doctrine of Estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for relief is barred by the Doctrine of Waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim and demand for damages are precluded and barred by the Doctrine of Unclean Hands.

### FIFTH AFFIRMATIVE DEFENSE

Defendants have not breached any duty owed to the plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Provident Life acted in accordance with all the contractual terms and conditions set forth in the policy of insurance issued to the plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a determination that he receives future long-term disability benefits.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has no privity of contract with Unum, and thus no cause of action against Unum.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any benefits under the subject disability policies.

### ELEVENTH AFFIRMATIVE DEFENSE

Provident Life's denial of plaintiff's claim under all of the circumstances was reasonable and was not arbitrary, capricious, unreasonable or erroneous as a matter of law, and this constitutes a complete defense to the within cause of action.

### TWELFTH AFFIRMATIVE DEFENSE

Policy number 36-00-7887392 never became effective.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff never paid any premiums for Provident Life policy 36-00-7887392.

### FOURTEENTH AFFIRMATIVE DEFENSE

Provident Life policy number 36-00-7887392 specifically requires premium payments to become effective and said premium payment was never made by plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff had a change in health so as to negate the representations made on the application and therefore nullify the application and any policy issued thereon.

Dated: April 13, 2007

Respectfully submitted,

By /s/ Andrew I. Hamelsky
ANDREW I. HAMELSKY (AH-6643)
WHITE AND WILLIAMS LLP
One Penn Plaza, 18th Floor, Suite 1801
New York, New York 10119
(212) 244-9500
*Attorneys for Defendants, UnumProvident Corporation and Provident Life and Casualty Insurance Company*

NYCDMS 21091v.2